1

2

3

4

5                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
6                                 AT SEATTLE

7    _____
                                              )
8    J.B. & H.B., on behalf of B.B.,          )      No. C12-0574RSL
                                              )
9                          Plaintiff,         )
           v.                                 )      ORDER GRANTING DEFENDANTS'
10                                            )      MOTIONS FOR SUMMARY
     LAKE WASHINGTON SCHOOL                   )      JUDGMENT
11   DISTRICT, *et al.*,                      )
                                              )
12                         Defendants.        )
     _____ )
13

14          This matter comes before the Court on the parties' cross-motions for summary

15   judgment. Dkt. # 18, # 19, and # 20. Plaintiffs, the parents of a student in the Lake Washington

16   School District, filed this action seeking a determination that WAC 392-172A-03105(5) is

17   preempted and/or unconstitutional and that the Administrative Law Judge ("ALJ") erred when

18   she allowed Lake Washington School District to evaluate B.B. without parental consent.

19          In the spring of 2011, B.B. obtained an Individualized Education Program ("IEP")

20   while attending public school in California. Shortly thereafter, B.B. moved to Washington and

21   enrolled at Horace Mann Elementary School in the Lake Washington School District. After

22   some prodding from the parents, the school district provided services comparable to those set

23   forth in the existing IEP. The district informed plaintiffs, however, that B.B. would have to be

24   evaluated to determine whether he qualified for services in Washington. Plaintiffs objected and

25   refused to consent to an evaluation. Plaintiffs argued that an evaluation was not authorized by

26   Washington law and was not in B.B.'s best interests given the process he had just gone through

     ORDER GRANTING DEFENDANTS' MOTIONS
     FOR SUMMARY JUDGMENT

in California.  Convinced that the district wanted to evaluate B.B. solely for the purpose of

cutting off his services, the parents took every opportunity to delay the evaluation and the

administrative proceeding the district initiated to override the lack of parental consent.  The ALJ

ultimately ruled in the district's favor, allowing the district to evaluate B.B. over the parents'

objections.

On April 4, 2012, plaintiffs filed this action seeking an emergency stay of the

evaluation that was then scheduled for April 12, 2012.  The motion for preliminary injunctive

relief was denied because, under any reading of the statutory and regulatory requirements,

defendants were entitled to evaluate the student now that more than a year had passed since the

IEP was developed.  Dkt. # 6 at 2.  Since then, this matter has proceeded as a constitutional

challenge to WAC 392-172A-03105(5) and an appeal of the ALJ's decision.  Plaintiffs'

objections to other administrative processes, the quality or extent of services B.B. is currently

receiving, and/or Lake Washington School District's attempts to implement the ALJ's February

28, 2012, decision are not properly before the Court and have not been considered.

Having reviewed the memoranda, declarations, and exhibits submitted by the

parties and having heard oral argument on January 14, 2013, the Court finds as follows:

A. **CONSTITUTIONALITY OF WAC 392-172A-03105(5)[1]**

Plaintiffs argue that WAC 392-172A-03105(5) is inconsistent with the Individuals

with Disabilities Education Act ("IDEA") and the implementing regulations adopted by the other

states that make up the Ninth Circuit Court of Appeals.  WAC 392-172A-03105(5) provides:

> If a student eligible for special education transfers from a school district located in
> another state to a school district within the state and has an IEP that is in effect for
> the current school year from the previous school district, the new school district, in
> consultation with the parents, must provide [free appropriate public education] to

---

[1] The Office of Superintendent of Public Instruction's jurisdictional argument is rejected.
Plaintiffs allege that a regulation adopted by the Office is inconsistent with the governing federal law
(*i.e.*, is preempted) and/or violates the United States Constitution.  Such claims are cognizable in federal
court.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                    -2-

the student including services comparable to those described in the student's IEP, until the new school district:

> (a)  Conducts an evaluation to determine whether the student is eligible for special education services in this state, if the school district believes an evaluation is necessary to determine eligibility under state standards; and

> (b)  Develops, adopts, and implements a new IEP, if appropriate, that meets the applicable requirements in WAC 392-172A-03090 through 392-172A-03110.

Plaintiffs argue that this regulation is inconsistent with governing federal law for at least two reasons.[2]  First, plaintiffs argue that Washington law is out of step because it "directs the state to evaluate eligibility for transfer students."  Motion (Dkt. # 18) at 10.  Second, plaintiffs argue that the state regulation impermissibly dilutes the necessity determination, giving too much discretion to the school district.  Both arguments are considered below.

### 1.  "Directs the State to Evaluate Eligibility"

The exact nature of the alleged conflict related to the eligibility determination is not entirely clear.  To the extent plaintiffs are objecting to the regulation on the ground that it requires that all transfer students be evaluated, regardless of need, they misconstrue the regulation.  For the most part, WAC 392-172A-03105(5) tracks the language of 20 U.S.C. § 1414(d)(2)(C)(i)(II), including a provision that the new school district will conduct an

---

[2]  The corresponding federal provision reads:

In the case of a child with a disability who transfers school districts within the same academic year, who enrolls in a new school, and who had an IEP that was in effect in another State, the local educational agency shall provide such child with a free appropriate public education, including services comparable to those described in the previously held IEP, in consultation with the parents until such time as the local educational agency conducts an evaluation pursuant to subsection (a)(1), if determined to be necessary by such agency, and develops a new IEP, if appropriate, that is consistent with Federal and State law.

20 U.S.C. § 1414(d)(2)(C)(i)(II).

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                -3-

evaluation if the district concludes that an evaluation is necessary.  Neither federal nor state law requires a second evaluation in all cases.

To the extent plaintiffs are challenging the state's ability to evaluate a transfer student's eligibility for services under the IDEA, the objection focuses solely on the language of § 1414(d)(2)(C)(i)(II) and ignores the other provisions of the IDEA.  Although § 1414(d)(2)(C)(i)(II) does not contain an explicit reference to an eligibility determination, the new school district is unambiguously invited to conduct an evaluation of transfer students if deemed necessary.  The federal regulation specifically states that the evaluation shall be conducted "pursuant to subsection (a)(1)."  A review of subsection (a)(1) shows that the new school district is authorized to conduct an "initial evaluation," which includes a determination of whether or not the child has a disability and is therefore eligible for services under the IDEA. See 20 U.S.C. § 1414(a)(1)(C)(i)(I).  The fact that WAC 392-172A-03105(5) specifically mentions the word "eligibility" whereas the comparable federal provision incorporates the eligibility determination by reference to another subsection does not make the provisions inconsistent.[3]

Finally, plaintiffs suggest that Washington should be compelled to accept California's eligibility and service determinations because it would be somehow unfair, inappropriate, or illegal for the same child to receive different services in different states. Contrary to plaintiffs' apparent belief, the fact that the IDEA is a federal statute does not mean that every state must administer the act in the same way.  "The IDEA charges local educational agencies with the responsibility of establishing programs to provide disabled students with a 'free appropriate public education.'"  Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303

---

[3] If there were any doubt regarding the meaning of 20 U.S.C. § 1414(d)(2)(C)(i)(II), the Department of Education stated when promulgating IDEA regulations that the evaluation of a transfer student "would be to determine if the child is a child with a disability and to determine the educational needs of the child." 71 Fed. Reg. 46540, 46681-82 (Aug. 14, 2006).

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                    -4-

(9th Cir. 1992).  To satisfy the IDEA's substantive requirement of an "adequate" education, states must provide "a basic floor of opportunity" to children with disabilities by developing an individualized educational plan that accounts for the student's disability and provides educational benefit.  <u>Hendrick Hudson Cent. Sch. Dist. Bd. of Ed. v. Rowley</u>, 458 U.S. 176, 201 (1982).  As long as states meet this "floor," their substantive obligations under the IDEA are satisfied regardless of whether other states have chosen to provide evaluation and education services that go beyond the statutory requirement.  <u>See</u> <u>Union Sch. Dist. v. Smith</u>, 15 F.3d 1519, 1524 (9th Cir. 1994) (although the statute does not require "the absolutely best or 'potential-maximizing' education for the individual child," states may take upon themselves a greater duty to educate disabled students).  Thus, the fact that B.B. was receiving services in California does not automatically mean that he is eligible for services in Washington.

Plaintiffs have not shown that WAC 392-172A-03105(5) conflicts with the requirements of federal law or is otherwise unconstitutional.

### 2.  "If the School District Believes an Evaluation is Necessary"

The IDEA authorizes the immediate evaluation of transfer students "if determined to be necessary by" the new district.  20 U.S.C. § 1414(d)(2)(C)(i)(II).  Washington's regulations authorize an evaluation "if the school district believes an evaluation is necessary."  WAC 392-172A-03105(5)(a).  Plaintiffs argue that the insertion of the word "believes" in the state regulation "is not in keeping with the intent of Congress and provides way too much subjectivity for the decision" regarding necessity.  Motion (Dkt. # 18) at 16.  Plaintiffs quote from dictionaries to show that a "belief" need not be based on demonstrable evidence and can be nothing more than a sincerely held feeling or conviction of truth.  The use of the word "believes" in the regulation is inappropriate, according to plaintiffs, because it would allow an evaluation even if there were no actual necessity.

Plaintiffs have not shown how the outcome would differ under the IDEA.  The

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                    -5-

1
2
3
4
5
6
7
8
9
10
11

IDEA does not require the new district to "demonstrate" or "prove" that another evaluation is necessary. Nor does the IDEA authorize evaluations only "if necessary." Rather, school districts may schedule evaluations "if determined to be necessary by such agency." A "determination" is simply a conclusion or decision, and the IDEA leaves that decision entirely within the discretion of the school district. There is no prescribed method for making this determination, nor does the statute provide any standards, benchmarks, or limitations against which the validity of the decision must be measured. Regardless of whether the school district is acting on a "determination" or a "belief," the receiving district is entitled to evaluate the student if it concludes that an evaluation is necessary. Factual correctness of the necessity determination is not a requirement under either the IDEA or the state regulations, and plaintiffs have failed to show that WAC 392-172A-03105(5)(a) is inconsistent with the governing federal law.

## B. APPEAL OF THE ALJ'S DECISION

12
13
14
15
16
17
18
19
20

When plaintiffs refused to consent to an evaluation in December 2011, Lake Washington School District filed a complaint with the Office of Superintendent of Public Instruction ("OSPI") to override the lack of consent. On February 28, 2012, the ALJ issued a comprehensive and thorough decision rejecting plaintiffs' various challenges to the district's right to evaluate B.B.'s eligibility under Washington law and overriding their lack of consent. Plaintiffs then filed this appeal of the administrative ruling and have the burden of establishing error in the ALJ's decision. Ms. S. v. Vashon Island Sch. Dist., 337 F.3d 1115, 1127 (9th Cir. 2003).

21
22
23
24
25

In evaluating the ALJ's decision, the Court "receives the administrative record, hears any additional evidence, and, 'basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate.'" R.B., ex rel. F.B. v. Napa Valley Unified Sch. Dist., 496 F.3d 932, 937 (9th Cir. 2007) (quoting 20 U.S.C. § 1415(i)(2)(C)(iii)). Although *de novo* review of the issues is not appropriate, the level of deference given an

26

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT          -6-

administrative decision under the IDEA is less than is normally exhibited toward agency action. Only if the ALJ's opinion is "thorough and careful," evinces an impartial consideration of the evidence, and demonstrates a sensitivity to the complexity of the issues presented is deference appropriate.  J.W., ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 438-39 (9th Cir. 2010).  Having reviewed the record and the ALJ's decision in this case, the Court finds that the weight due her analysis is substantial.  The level of deference is not dispositive in this case, however:  even if the Court were to consider the parental consent issue *de novo*, it would reach the same conclusion.

Plaintiffs raise a number of arguments in support of their claim of error, most of which fail because Lake Washington School District was, in fact, legally entitled to initiate an evaluation of B.B. following his transfer into the state and to consider eligibility for services in Washington as part of that evaluation.  Plaintiffs' challenges to the ALJ's decision based on allegations that the purpose or scope of the evaluation were unlawful are therefore rejected. Plaintiffs' few remaining challenges are addressed below.

### 1.  Binding Effect of Prior Settlement Agreement

B.B. was receiving special education services in California pursuant to a settlement agreement between plaintiffs and the Palos Verdes Peninsula Unified School District. Plaintiffs suggest that Lake Washington School District should be bound by the terms of the agreement as a successor or assignee of Palos Verdes or under the Full Faith and Credit Clause of the United States Constitution.  Motion (Dkt. # 18) at 17-18.  Neither argument has merit. There is no evidence that the two school districts are in any way related, much less that Lake Washington could be considered Palos Verdes' successor or assignee.  As for plaintiff's constitutional claim, there is no constitutional provision that would justify enforcing Palos Verdes' contractual obligations against Lake Washington.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                    -7-

### 2.   Reasonableness of Necessity Determination

Plaintiffs argue that Lake Washington School District did not have a reasonable basis on which to conclude that an evaluation of B.B. was necessary because a significant amount of data had been collected through the evaluation process conducted in California. Motion (Dkt. # 18) at 20-21.  Even if the Court assumes, for purposes of this motion, that the school district's necessity determination is subject to review and must be reasonable, defendants easily pass that hurdle in this case.  There were a number of circumstances suggesting that the fact that B.B. was receiving services in California did not necessarily mean that he was eligible for services in Washington.  First, the most recent evaluation in California had, in fact, resulted in a finding that B.B. was ineligible for services.  The fact that B.B. came to the new school district with an IEP in place was a function of a settlement, not an assessment of his needs. Second, the California evaluation did not involve classroom observation, a normal part of an evaluation in Washington.  Third, a review of the data generated in California showed that B.B. would not necessarily be eligible for services under Washington law.  Fourth, Lake Washington School District was not inclined to accept at face value any of the reports generated by a neuropsychologist hired by plaintiffs in California.  And finally, the existing records suggested concerns for which B.B. was not receiving services in California:  the district wanted additional information to determine whether other types of support should be provided.  In these circumstances, the district reasonably concluded, determined, and/or believed that a reevaluation of the data generated in California, coupled with additional testing and neuropsychological assessments, was necessary.

### 3.  Reliance on Federal Register Statements

Plaintiffs object to the ALJ's consideration of the Department of Education's comments when issuing final regulations implementing changes to the IDEA in 2006.  Motion (Dkt. # 18) at 24.  For purposes of interpreting an agency's regulations, the agency's responses

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                    -8-

to public comments published in the Federal Register serve as a sort of legislative history and give insight into the intent of the drafters.  See, e.g., Kelly v. Keystone Shipping Co., 281 F. Supp.2d 313, 324 (D. Mass. 2003).  The fact that the comments are not legally binding (*i.e.*, they are not rules in and of themselves), does not mean that the ALJ erred when considering the comments for purposes of interpreting the agency's regulations regarding the evaluation of transfer students.

### 4.  Remedy Following Administrative Hearing and Decision

Plaintiffs maintain that the practical impact and enforcement of the ALJ's decision is not an issue that is ripe for consideration by this Court.  Motion (Dkt. # 18) at 25.  The Court agrees.  The ALJ overrode the parents' refusal to consent to the evaluation and authorized the district to "conduct an initial evaluation of the Student by conducting a neuropsychological evaluation and a fine motor evaluation as set forth in the Consent for Initial Evaluation form provided to the Parents at the meeting on November 28, 2011."  The issue before this Court is whether that order should be affirmed, not whether the district's subsequent conduct was consistent with the ALJ's order.

For all of the foregoing reasons, the decision of the ALJ to override the parent's lack of consent and to authorize an initial evaluation is AFFIRMED.  Plaintiffs' challenges to WAC § 392-172A-03105(5) are rejected.  Plaintiffs' requests for a declaration of eligibility and an order directing the Lake Washington School District to hold an IEP meeting within fifteen days are denied.

Dated this 17th day of January, 2013.

*Robt S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT                              -9-